UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM ANTHONY SMITH,
    Petitioner,

v.                                                 Case No. 8:21-cv-2615-KKM-TGW

SECRETARY, DEPARTMENT
OF CORRECTIONS,
    Respondent.
_____

## ORDER

Smith, a Florida prisoner, filed a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (Doc. 1.) Having considered the petition, (*id.*), and Respondent's limited response seeking dismissal of the petition as time-barred, (Doc. 8), the petition is dismissed as time-barred.[1] Because reasonable jurists would not disagree, a certificate of appealability also is not warranted.

I.    **BACKGROUND**

A state court jury convicted Smith of attempted lewd molestation. (Doc. 8-2, Ex. 3.) The state trial court sentenced him to 15 years in prison and found him to be a sexual predator. (Doc. 8-2, Ex. 4.) The state appellate court per curiam affirmed the conviction and sentence. (Doc. 8-2, Ex. 9.)

---

[1] Smith did not reply to the response.

1

The state court denied Smith's motion to correct an illegal sentence under Florida Rule of Criminal Procedure 3.800(a). (Doc. 8-2, Exs. 11 & 12.) The state court also denied Smith's motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. (Doc. 8-2, Exs. 13, 15 & 18.) The state appellate court per curiam affirmed the denial of Smith's Rule 3.850 motion. (Doc. 8-2, Ex. 21.)

## II. THE PETITION'S UNTIMELINESS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). Under the AEDPA, a federal habeas petitioner has a one-year period to file a § 2254 petition. This limitation period typically begins running on the later of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). It is tolled for the time that a "properly filed application for State post-conviction or other collateral review" is pending in state court. 28 U.S.C. § 2244(d)(2).

The state appellate court affirmed Smith's conviction and sentence on March 9, 2018. (Doc. 8-2, Ex. 9.) His judgment became final 90 days later, on June 7, 2018, upon expiration of the time to petition the Supreme Court of the United States for a writ of certiorari. *See Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002).

Before his judgment became final for purposes of § 2244(d), Smith filed a motion to correct an illegal sentence under Florida Rule of Criminal Procedure 3.800(a) on May 2, 2018. (Doc. 8-2, Ex. 11.) The state court denied the motion on May 23, 2018. (Doc. 8-2, Ex. 12.) Smith did not appeal the denial, but his AEDPA limitation period was tolled for the 30-day period to do so, until June 22, 2018. *See* Fla. R. Crim. P. 3.800(a)(4) (stating that a petitioner may appeal an order denying or dismissing a Rule 3.8000(a) motion within 30 days); *Cramer v. Sec'y, Dep't of Corr.*, 461 F.3d 1380, 1383-84 (11th Cir. 2006) (holding that a postconviction claim "remains pending until the time to seek review expires"). Smith had until June 23, 2019, absent any tolling attributable to a properly filed state application, to file his § 2254 petition.[2] He did not file any tolling applications or his § 2254 petition by this one-year deadline.

More than one year after his AEDPA clock began running, on October 18, 2019, Smith filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. (Doc. 8-2, Ex. 13.) Smith's postconviction motion does not affect the timeliness of his § 2254 petition because the AEDPA limitation period cannot be revived after it has expired. *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) ("[A] state court petition . . . that is filed following the expiration of the federal limitations period 'cannot

---

[2] Smith's AEDPA limitation period began to run on June 23, 2018. Under the "anniversary method" used to calculate timeliness under § 2244(d), it expired on June 23, 2019. *See Downs v. McNeil*, 520 F.3d 1311, 1317-18 (11th Cir. 2008).

3

toll that period because there is no period remaining to be tolled.' " (quoting *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000))). Accordingly, Smith's § 2254 petition, filed on November 3, 2021, is untimely under § 2244(d)(1)(A).

Smith appears to seek a later start date to the AEDPA limitation period under § 2244(d)(1)(B). (Doc. 1, pp. 15-16.) Under this subsection, the AEDPA limitation period starts to run on the "date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B).

Smith states that he did not receive his copy of the state court's May 23, 2018, order denying his Rule 3.800(a) motion to correct an illegal sentence. Smith states that three years later, on May 31, 2021, he requested a copy of his state court docket. When he received the docket sheet, Smith says, he "first discovered" that the motion had been denied. (Doc. 1, p. 16.) Smith asserts that his "tardiness" in filing his § 2254 petition "falls on the mailroom staff" at his prison and appears to assert that the mailroom staff's alleged failure to provide him with the state court's order was a "State-created impediment" to timely filing his § 2254 petition. (*Id.*) He states that he believed that his Rule 3.800(a) motion was pending and that his AEDPA limitation period was tolled. Smith asserts that had he known his Rule 3.800(a) motion was denied, he would have timely filed his § 2254 petition.

4

Smith does not show entitlement to a later start date under § 2244(d)(1)(B).[3] He does not show any State action in violation of the Constitution or laws of the United States that prevented him from timely filing his § 2254 petition. He alleges that he did not receive his copy of the state court's order and that the mail room staff at the prison is responsible for his failure to receive it. (Doc. 1, p. 16.) Initially, while Smith points to the prison mailroom staff, he does not present evidence that the order was actually delivered to the prison, as opposed to merely being lost in the mail before it reached the prison.

Further, no part of Smith's allegation establishes an unconstitutional or otherwise unlawful act on the part of the State that kept him from timely filing his § 2254 petition. Mailroom mishaps simply do not rise to that level. *See Cramer v. Sec'y, Dep't of Corr.*, No. 5:16-cv-489-Oc-02PRL, 2019 WL 4861036, at *3 (M.D. Fla. Oct. 2, 2019) (rejecting the petitioner's claim that the state court's apparent failure to mail him an order violated the Constitution or laws of the United States for purposes of § 2254(d)(1)(B) and noting that "the Fifth Circuit Court of Appeals has expressed 'serious reservations' about whether a state's failure to notify a prisoner of a postconviction ruling 'provides a basis for a statutory tolling claim rather than merely an equitable tolling claim.'" (quoting *Clarke v. Rader*, 721

---

[3] If § 2244(d)(1)(B) applied, the AEDPA limitation period would have started to run sometime after May 31, 2021, when Smith requested a copy of his state court docket. Therefore, his § 2254 petition, filed less than one year later on November 3, 2021, would be timely.

F.3d 339, 343 (5th Cir. 2013))); *see also Tyson v. Sec'y, Fla. Dep't of Corr.*, No. 4:19cv400-WS-HTC, 2020 WL 5822245, at *3-4 (Aug. 11, 2020), *report and recommendation adopted*, 2020 WL 5821839 (Sept. 30, 2020) (finding that Petitioner did not show State action in violation of the Constitution or laws of the United States for purposes of § 2244(d)(1)(B) when prison officials misplaced his legal materials for a period of months). Additionally, Smith does not establish that the failure to provide him with the state court's order actually caused the late filing of his § 2254 petition. *See Akins v. United States*, 204 F.3d 1086, 1090 (11th Cir. 2000) (stating in the context of a nearly-identical provision for a delayed start time for filing a motion under 28 U.S.C. § 2255 that the petitioner must show that the impediment "caused an actual harm, or in other words, unconstitutionally prevented him from exercising that fundamental right of access to the courts in order to attack his sentence . . . .").

To the extent Smith intends to assert entitlement to equitable tolling, he is likewise not entitled to relief. Section 2244(d) "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing" of his § 2254 petition. *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "The burden of proving circumstances that justify the application of the equitable tolling doctrine rests

squarely on the petitioner." *San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011). A petitioner must "show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." *Id.* at 1267.

Because this is a "difficult burden" to meet, the Eleventh Circuit "has rejected most claims for equitable tolling." *Diaz v. Sec'y, Dep't of Corr.*, 362 F.3d 698, 701 (11th Cir. 2004); *see also Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) ("[E]quitable tolling applies only in truly extraordinary circumstances."); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) ("Equitable tolling is an extraordinary remedy which is typically applied sparingly."). The applicability of equitable tolling depends on a case's facts and circumstances. *See Holland*, 560 U.S. at 649-50 (stating that equitable tolling decisions are made on a case-by-case basis); *Knight v. Schofield*, 292 F.3d 709, 711 (11th Cir. 2002) (stating that for purposes of equitable tolling, "[e]ach case turns on its own facts").

Smith has not shown the existence of extraordinary circumstances, or that he exercised diligence in pursuing his rights. That he did not receive a copy of the May 23, 2018 order denying his Rule 3.800(a) motion does not necessarily entitle him to equitable tolling. *See Knight*, 292 F.3d at 711 ("[N]ot in every case will a prisoner be entitled to equitable tolling until he receives notice."). Here, Smith fails to establish that he could not have learned of the order earlier. He waited three years after he filed the Rule 3.800(a)

7

motion to request a copy of the docket sheet, and he does not show that he was prevented from inquiring about his Rule 3.800(a) motion sooner. Indeed, Smith did not seek an update on his Rule 3.800(a) motion between the time it was filed on May 2, 2018, and May 31, 2021, even though he filed his postconviction motion, filed a notice of appeal of the order denying his postconviction motion, and made requests for documents within this period. (Doc. 8-2, Exs. 13, 18, 19, 23 & 24.) "[E]fforts to learn the disposition of pre-federal habeas steps are crucial to determining whether equitable tolling is appropriate." *San Martin*, 633 F.3d at 1269.

Additionally, while he does not provide the exact date on which he received the docket sheet and learned that his Rule 3.800(a) motion had been denied, Smith did not file his § 2254 petition until about five months after he requested a copy of his state court docket. Further, he does not allege that the state court or clerk made any promise that he would receive the order resolving his Rule 3.800(a) motion. Finally, Smith fails to establish the necessary causal link between the missing copy of the order and his inability to timely file his § 2254 petition.

Accordingly, Smith fails to show that equitable tolling is warranted. *See Knight*, 292 F.3d at 711 (stating that the petitioner was entitled to equitable tolling when the state court's order did not reach him because the clerk of court's office "assured him that he would be notified as soon as a decision was made" and that he "demonstrated diligence in

pursuing information when it did not do so"); *Logreira v. Sec'y, Dep't of Corr.*, 161 F. App'x 902, 904 (11th Cir. 2016) (affirming the district court's finding that a petitioner was not entitled to equitable tolling when the petitioner received no personal assurance that he would be contacted at the conclusion of his state case, did not take steps other than mailing letters to obtain information about his petition, did not file his § 2254 petition until six months after learning of the disposition of his state petition, and did not show a causal connection between the delay and the untimely filing of his § 2254 petition); *Webster v. Sec'y, Dep't of Corr.*, 384 F. App'x 979, 982-83 (11th Cir. 2010) (stating that the petitioner was not entitled to equitable tolling based on his attorney's alleged failure to inform him of the outcome of his appeal when he did not rely on any "affirmative representation of notification," and when he made only one inquiry about the status of his appeal three years after filing the notice of appeal). Smith has not met his burden of showing entitlement to equitable tolling.[4] Smith's petition is dismissed as time-barred.

III. <u>CERTIFICATE OF APPEALABILITY</u>

Smith is not entitled to a certificate of appealability (COA). A prisoner seeking a writ of habeas corpus has no absolute entitlement to a COA. 28 U.S.C. § 2253(c)(1). The district court or circuit court must issue a COA. *Id.* To obtain a COA, Smith must show

---

[4] Smith does not assert that the Court may consider his untimely petition on the basis that new evidence shows his actual innocence. *See McQuiggin v. Perkins*, 569 U.S. 383 (2013).

that reasonable jurists would debate both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the petition is time-barred, Smith cannot satisfy the second prong of the *Slack* test. As Smith is not entitled to a COA, he is not entitled to appeal in forma pauperis.

Therefore, the Court **ORDERS** that Smith's Petition for Writ of Habeas Corpus, (Doc. 1), is **DISMISSED with prejudice as time-barred**. The **CLERK** is directed to enter judgment against Smith and in Respondent's favor and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on January 26, 2024.

*/s/ Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge